**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| LEE WIGOD, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CALLFIRE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 1:19-cv-06953 |

**MOTION TO QUASH SUBPOENA TO LORI WIGOD**

For the reasons set forth in the accompanying Memorandum of Law, which is incorporated by reference, non-party Lori Wigod hereby moves for an order quashing the subpoena issued to her in the above-captioned matter to appear at a deposition on October 28, 2019, and for any further relief that the Court deems necessary and just, including reasonable attorney's fees.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
QUASH SUBPOENA TO LORI WIGOD**

**I.     INTRODUCTION**

In its Subpoena served to non-party Lori Wigod, Defendant CallFire asks Mrs. Wigod not only to appear at a deposition and testify regarding matters of which she has no knowledge, but also to produce an unreasonable swath of personal records and information that bear no logical relation to the underlying claims at issue in the case. The subpoena would subject Mrs. Wigod to an undue burden that far outweighs any potential relevance or benefit of the information sought, and accordingly the Court should quash the subpoena.

**II.     ARGUMENT**

The Federal Rules of Civil Procedure provide that a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(d)(1). Accordingly, the court for the district where compliance with the subpoena is required must quash or modify a subpoena if it subjects the recipient to under burden. *Suture Express, Inc. v. Cardinal Health 200, LLC*, No. 14-cv-04737, 2014 WL 6478077, at \*4 (N.D. Ill. Nov. 18, 2014) (citing Fed. R. Civ. P. 45(d)(3)(A)(iv)).

In deciding a motion to quash, the Court balances factors including "the person's status as a non-party, the relevance of the discovery sought, the subpoenaing party's need for the documents, the breadth of the request and the burden imposed on the subpoenaed party." *Id.* (quoting *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 188 (N.D. Ill. 2013)). If the burden or expense of the subpoena outweighs its likely benefit, or if the information sought would not assist in the exploration of a material issue, the Court should quash the subpoena. *Envtl. Law and Policy Ctr. v. Syngenta Crop Prot., LLC*, No. 11-cv-2521, 2011 WL 2837417, at \*1 (N.D. Ill. July 13, 2011). Ultimately, the granting of a motion to quash is within the sound discretion of the Court. *Id.*

Here, the circumstances surrounding the subpoena served to Mrs. Wigod undoubtedly favor granting a motion to quash. First, compliance with the subpoena would subject Lori Wigod to undue burden. Despite the fact that Mrs. Wigod is not a party to the action and has not alleged any calls or texts from CallFire, the subpoena commands that she produce: (1) all phone bills and call logs for every phone number that she has owned for the past *four years*; (2) all of her *internet browsing history* related to health insurance and home warranties over the last *two years*;

1

(3) all emails she has received relating to health insurance and home warranties over the last *four years*; (4) all documents reflecting any time that Mrs. Wigod may have provided personal information in pursuit of offers for health insurance or home warranties; (5) all consent forms that she may have completed over the last two years related to health insurance or home warranty offers; (6) all requests that she may have made for insurance or home warranty offers over the last two years; (7) all emails and text messages she may have received after entering her information into a website related to insurance or home warranties over the last four years; and (8) for *inspection*, all "servers, computers, tablets, cellular and landline telephones, routers, wireless network equipment, reporting systems, databases, and the equivalent" that she has used over the last *two years* in relation to three different phone numbers. (*See* Subpoena to Lori Wigod, attached hereto as Exhibit A.) The breadth of these subpoena requests is extraordinary, especially considering Mrs. Wigod is not a party and has not alleged receipt of any text messages or otherwise made any claims against CallFire.

Further, CallFire has not demonstrated how Mrs. Wigod's documents or devices are in any way relevant to the case between her husband and CallFire—it is Mr. Lee Wigod who is asserting claims against CallFire, not Mrs. Wigod. Though Mr. Wigod's cell phone plan may be registered under Lori Wigod's name, Mr. Wigod is the regular user and carrier of the phone on which he received the text messages at issue, and he has alleged text messages only to himself at his own number in the suit against CallFire.[1] (*See* Complaint, attached hereto as Exhibit B.) CallFire's requests as to whether Mrs. Wigod provided her own information or consent to receive telemarketing messages or calls are wholly immaterial to the pending case, which

---

[1] A plaintiff has standing under the TCPA if they are the regular user and carrier of the phone number that was called, even if it is registered under another person's name. *See Moore v. Dish Network, L.L.C.*, 57 F. Supp. 3d 639, 650 (N.D. W.V. 2014).

2

concerns texts to Mr. Wigod at his number. Once again, Mrs. Wigod is not a party to the case, and CallFire cannot demonstrate any relevance of her documents and devices, let alone enough to justify the burden that compliance with its overbroad subpoena would impose.

On top of the extensive production sought, CallFire also seeks to depose Mrs. Wigod. (Ex. A.) CallFire has not indicated what the subject of such deposition would be, but the production requests suggest that CallFire seeks to determine whether Mrs. Wigod provided consent to receive text messages related to health insurance or home warranty offers. Once again, this information is not at all relevant to the messages sent to Mr. Wigod at Mr. Wigod's number—the only text messages alleged in the case—and it is thus irrelevant to the case. Further, Mrs. Wigod would be required to work a weekend to make up for a day's absence for the deposition. Mrs. Wigod lacks knowledge of any relevant information that would justify imposing the burden of the scheduled deposition.

Likewise, to the extent that Mrs. Wigod may possess information that CallFire believes is relevant, CallFire has made no efforts to obtain information through less burdensome means than the issued subpoena. Through her counsel, Mrs. Wigod has offered to provide a declaration verifying her lack of relevant information, but CallFire's counsel refused, intent on deposing Mrs. Wigod even before deposing her husband, the only named plaintiff in the case.

CallFire's subpoena to Mrs. Wigod represents an impermissible fishing expedition. The information sought does not bear on any material issue in the case because the case does not involve any text messages or telemarketing efforts directed to Mrs. Wigod. The burden and expense that Mrs. Wigod would incur by complying with the subpoena greatly outweighs any potential benefit to CallFire, as her information is not relevant to the case or her husband's claims. Accordingly, the Court should quash the subpoena.

3

**III. CONCLUSION**

CallFire's subpoena to Mrs. Wigod commands that she produce a litany of documents spanning several years, as well as a host of electronic devices for inspection, in a case to which she isn't a party concerning text messages that she didn't receive. The subpoena further asks her to attend a deposition and apparently testify to her own experience with health insurance and home warranty marketing, even though she has not claimed receipt of any text messages and does not use the phone number at which Mr. Wigod received messages. The testimony and production sought by CallFire's subpoena is not relevant to any claim or defense in Mr. Wigod's case, and compliance would impose undue burden on Mrs. Wigod. Thus, the Court should quash the subpoena and grant any further relief that it deems necessary and just.

Dated: October 22, 2019    Respectfully submitted,

**Lori Wigod**

By: /s/ Steven L. Woodrow

Marc E. McCallister
mem@mccallisterlawgroup.com
McCallister Law Group
120 North LaSalle St., #2800
Chicago, IL 60602
(312) 345-0611

Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 22, 2019, I served the above and foregoing papers by causing such paper to be filed with the Court using the Court's electronic filing system, and I will send copies of such paper to all counsel of record via electronic mail.

/s/ Steven L. Woodrow