# EXHIBIT A

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | | |
|---|---|---|
| Lee Wigod | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:19-cv-02874-SVW-MAA |
| CallFire, Inc. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Lori Wigod
1735 N. Paulina Street Apt. 601 Chicago, Illinois 60622-1195

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Jones Day<br>77 West Wacker Drive Suite 3500<br>Chicago, Illinois 60601 | Date and Time:<br>10/28/2019 10:00 am |
|---|---|

The deposition will be recorded by this method: stenographically recorded before a licensed court reporter.

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attachment A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/11/2019

*CLERK OF COURT*
OR

_____         /s/ Michael B. Hazzard
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* CallFire, Inc. , who issues or requests this subpoena, are:

Michael B. Hazzard, 51 Louisiana Avenue NW Washington, D.C. 20001; mhazzard@jonesday.com; 202-879-3939.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:19-cv-02874-SVW-MAA

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A
# DOCUMENTS, INFORMATION, OR OBJECTS TO PRODUCE
# DEFINITIONS

As used herein, the following terms shall have the meaning set forth below:

1. The terms "Lori Wigod," "Ms. Wigod," "you," and "your" shall mean Lori Wigod and shall include any predecessor-in-interest, any subsidiaries, divisions, departments or any other operating units, as well as any of its past or present employees, affiliates, agents, consultants, representatives or attorneys, unless otherwise specified.

2. The terms "CallFire, Inc.," "CallFire," and "Defendant" shall refer to Defendant CallFire, Inc. and shall include, individually or collectively, any and all of their past or present employees, affiliates, agents, consultants, representatives, or attorneys.

3. The term "Litigation" shall mean the case pending in the United States District Court for the Central District of California, captioned *Lee Wigod v. CallFire, Inc.*, Civil Action No. 2:19-cv-02874-SVW-MAA.

4. The term "Complaint" shall refer to the complaint filed by Lee Wigod in this Litigation.

5. The term "document" is used in the broadest sense contemplated by Federal Rule of Civil Procedure 34, and includes, but is not limited to, the following items: agreements; drafts; communications; correspondence; e-mails; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interview; diaries; calendars; forecasts; statistical statements; accountants work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports

and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced.

6. The term "communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, e-mail, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

7. The term "person" means any natural or artificial person, including business entities and other legal entities.

8. The terms "relating to," "related to," "referring to," or "concerning" shall mean comprising, concerning, consisting of, referring to, reflecting, discussing, reporting, constituting, disclosing, relating to, pertaining to, describing, interpreting, mentioning, containing, regarding, and/or in any other way connected to.

9. The terms "and" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

10. The use of the word "including" shall be construed to mean "without limitation."

11. Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

12. The term "third party" shall mean any person or party other than Plaintiff Lee Wigod or Defendant CallFire, Inc.

## **INSTRUCTIONS**

The following instructions apply to the document requests below and should be considered as part of each request:

1. In answering these document requests, furnish all information available to you, including information in the possession of your employees, agents, attorneys, consultants, investigators for your attorneys, or information otherwise subject to your possession and/or control, and not merely information within your own personal knowledge. The duty to produce documents shall not be limited or affected by the fact that the same document is available through another source.

2. If any material is withheld under a claim of privilege, state the nature of the privilege claimed (*e.g.*, attorney-client communication or attorney work-product), time, place, and those privy to the communication, and all facts upon which you rely to support your privileged claim.

3. With regard to the withholding of documents, when there is not an objection to the production of a document other than privilege, each document so withheld should be separately identified in a privileged document list which shall be provided within thirty (30) days following the date of the production from which the privileged document has been withheld. The privileged document list must identify each document separately, specifying for each document at least the following:

    a) The date the document was created;

    b) The sender(s) thereof;

    c) The recipient(s), including copy recipients;

    d) The general subject matter of the document;

    e) The portion(s) of the document as to which privilege is claimed (*e.g.*, one sentence, one paragraph, entire document, etc.); and

    f) The basis of such privilege.

The sender(s) and recipient(s) shall be identified by position and entity

(corporate or firm, etc.) with which they are employed or associated. The type of privilege claimed must also be stated, together with the certification that all the elements of the claimed privilege have been met and not waived with respect to each document.

4. Documents shall be produced as they are kept in the usual course of business. In producing the documents and writings requested herein, Plaintiff shall produce them in their original file folders, if any, or in lieu thereof, attach to the set of documents produced from a given file an indication the file to which the documents belong. A photographic or electrostatic duplicate shall be produced in the same sequence as they are contained or found in the original file folder. The documents produced either in the original file folder or attached to a photographic or electrostatic duplicate shall be produced in the same sequence as they are contained or found in the original file folder. The integrity and internal sequence of the requested documents within each folder shall not be disturbed.

5. Documents shall be produced in such fashion as to identify in whose possession they were located and, where applicable, the natural person in whose possession they were found, and the business address of each document's custodian(s), if any.

6. If any documents requested have been destroyed, lost, mislaid, or are otherwise missing, please so state, specifying for each document or thing:

    a) the type of document;
    b) a description of the nature and contents of the document;
    c) the identity of the author;
    d) the circumstances under which it ceased to exist;
    e) the identity of all Person(s) having knowledge of the circumstances under which it ceased to exist; and
    f) the identity of all Person(s) who had knowledge of the contents.

7. Unless otherwise stated, the relevant time period for these requests is from January 1, 2015 through the present.

**DOCUMENTS, INFORMATION, OR OBJECTS REQUESTED**

1. All documents concerning or constituting Ms. Wigod's cellular phone plan(s) and records, including descriptions of fees, phone bills, call detail reports, identities of users, usage data, and call logs for each phone number owned by or assigned to Ms. Wigod over the past 4 years, including burner and temporary phones.

2. All records of Ms. Wigod's internet browsing history relating to home warranty plans, home warranty providers, health insurance plans, and health insurance providers from January 1, 2017 to present.

3. All emails sent to or received by Ms. Wigod and/or her business(es) relating to or concerning health insurance or home warranties.

4. Produce for inspection and copying all servers, computers, tablets, cellular and landline telephones, routers, wireless network equipment, reporting systems, databases, and the equivalent containing electronically stored information and information contained on such systems that Ms. Wigod has used or possessed during the time period January 1, 2017 through the present. This request specifically seeks inspection of any cellular or residential telephone or other device that uses or has used the telephone numbers 847-293-9077, 847-436-1253, and/or 847-630-2826.

5. All documents reflecting the provision by Ms. Wigod of any personal identifying information (*e.g.*, Ms. Wigod's name, address, telephone number, and the like) in connection with a website offering any form of health insurance or home warranty upon the completion of requirements (*e.g.*, answering qualification questions, providing registration information, or entering Ms. Wigod's personal information).

6. All consent and waiver forms completed by Ms. Wigod in connection

with all online/internet, telephone, email, paper, and/or postal mail offers or advertisements, including but not limited to insurance-related and home warranty-related offers and advertisements, between January 1, 2017 to the present.

7. All online/internet, telephone, email, paper, and/or postal mail requests Ms. Wigod made for information concerning insurance-related and home warranty-related offers between January 1, 2017 and the present, in which Ms. Wigod provided a phone number.

8. All emails and text messages Ms. Wigod received from any third party in which an email or text message was sent to Ms. Wigod after she entered her and/or her business(es)' phone number(s) and/or email address(es) into a website related to insurance or home warranties.