IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| LEE WIGOD, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CALLFIRE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 1:19-cv-06953<br>Hon. Martha M. Pacold |

### REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA TO LORI WIGOD

To hear CallFire tell it, "CallFire does not and cannot maintain reports on either consent or its withdrawal," and supposedly "it must determine *through discovery* what the plaintiff or his wife did or did not do in order to defend itself against the lawsuit brought by Mr. Wigod." (Dkt. 11 at 3.) In other words, CallFire contends (without any evidence) that prior express written consent may have been secured by one or more of its subscribers to send the text messages that were sent to Mr. Wigod via CallFire's short-code even after he opted-out by replying "Stop".[1]

Yet, incredibly, CallFire has decided to subpoena non-party Lori Wigod to sit for a deposition, have her phone and computers mapped, and produce a vast amount of personal and completely irrelevant documents spanning years instead of simply asking its own subscribers for

---

[1] Prior express written consent is an affirmative defense, to which CallFire bears the burden. *See, e.g., Grant v. Capital Mgmt. Srvs., L.P.*, No. 11-56200, 2011 WL 3874877, at *1 n.1. (9th Cir. Sept. 2, 2011) ("'express consent' is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof.); *see also Evankavitch v. Green Tree Servicing, LLC*, 793 F.3d 355, 366 (3d Cir. 2015) (recognizing that courts place the burden on the caller of showing prior express consent to have made the call as an affirmative defense).

any proof of prior express written consent they may have obtained. "A subpoena may be quashed or limited by the district court when 'the discovery sought is unreasonably cumulative or duplicative, **or can be obtained from some other source that is more convenient, less burdensome, or less expensive**' or when the burden of the proposed discovery outweighs its likely benefit." *Ameritox, Ltd. v. Millennium Labs., Inc.*, No. 12-CV-7493, 2012 WL 6568226, at *2 (N.D. Ill. Dec. 14, 2012). (emphasis added).

      This is precisely the case here. CallFire's subpoena commands Mrs. Wigod to produce: (1) all phone bills and call logs for every phone number that she has owned for the past *four years*; (2) all of her *internet browsing history* related to health insurance and home warranties over the last *two years*; (3) all emails she has received relating to health insurance and home warranties over the last *four years*; (4) all documents reflecting any time that Mrs. Wigod may have provided personal information in pursuit of offers for health insurance or home warranties; (5) all consent forms that she may have completed over the last two years related to health insurance or home warranty offers; (6) all requests that she may have made for insurance or home warranty offers over the last two years; (7) all emails and text messages she may have received after entering her information into a website related to insurance or home warranties over the last four years; and (8) for *inspection*, all "servers, computers, tablets, cellular and landline telephones, routers, wireless network equipment, reporting systems, databases, and the equivalent" that she has used over the last *two years* in relation to three different phone numbers.

      CallFire's subpoena would require Mrs. Wigod to sit for a deposition and bear the burden of searching for and producing a large amount of documents (many of them of a personal nature) wholly unrelated to her husband's lawsuit against CallFire simply so CallFire can go on a fishing expedition and search for any proof of prior express written consent her husband may have

1

provided. Curiously, CallFire refuses to simply ask its subscribers for any such proof. In fact, **Mr. Wigod is the one** who has subpoenaed CallFire's subscribers to ask whether any proof of prior express written consent exists. (*See* "Subpoenas Served in California Class Action," attached hereto as Exhibit A.)

Simply put, Mrs. Wigod's documents, devices, and personal browsing history are not relevant to the dispute between her husband and CallFire. To the extent CallFire believes it needs to determine whether Mrs. Wigod provided some sort of prior express written consent on behalf of her husband to receive the text messages CallFire sent to him, CallFire has less burdensome and convenient sources of such information—it can ask its own clients for any proof of consent they obtained. CallFire has not done this, for reasons known only to it. But Mr. Wigod has requested such information via subpoenas and will provide CallFire with any responsive documents he receives. This is sufficient to provide CallFire with the information it seeks via the subpoena to Mrs. Wigod. There is simply no need for Mrs. Wigod to bear the significant burden and expense of complying with CallFire's subpoena, and the Motion to Quash should be granted.

Dated: October 25, 2019

Respectfully submitted,

**Lori Wigod**

By: /s/ Steven L. Woodrow

Marc E. McCallister
mem@mccallisterlawgroup.com
McCallister Law Group
120 North LaSalle St., #2800
Chicago, IL 60602
(312) 345-0611

Steven L. Woodrow
swoodrow@woodrowpeluso.com

2

Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

## **CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that on October 25, 2019, I served the above and foregoing papers by causing such paper to be filed with the Court using the Court's electronic filing system, which will serve copies of such paper to all counsel of record via electronic mail.

/s/ Steven L. Woodrow